IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| VALARIE B. | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. CBD-19-991 |
| | ) |
| ANDREW SAUL,[1] | ) |
| | ) |
|    Commissioner, | ) |
|    Social Security Administration | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM OPINION

Valarie B. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Administrative Law Judge ("ALJ") denied Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"). The ALJ also denied Plaintiff's claim for a period of Supplemental Security Income ("SSI") under Title XVI of the SSA. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), ECF No. 13, Plaintiff's Alternative Motion for Remand ("Alternative Motion"), ECF No. 13, and Defendant's Motion for Summary Judgment ("Commissioner's Motion"), ECF No. 15. The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons

---

[1] When this proceeding began, Nancy Berryhill was the Acting Commissioner of the Social Security Administration. On June 17, 2019, Andrew Saul was sworn in as Commissioner and is therefore, automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

presented below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, and **GRANTS** Plaintiff's Alternative Motion, and **REMANDS** the ALJ's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. A separate order will issue.

## I. Procedural Background

On February 3, 2016, Plaintiff filed for DIB and SSI under Titles II and XVI of the SSA, alleging disability beginning February 1, 2015. R. 15. Plaintiff's claims were initially denied on June 15, 2016 and upon reconsideration on September 30, 2016. R. 15. An administrative hearing was held on January 30, 2018. R. 15. On May 30, 2018, Plaintiff's claims for DIB and SSI were denied. R. 27. Plaintiff sought review by the Appeals Council, which concluded on February 25, 2019, that there was no basis for granting the request for review. R. 1. Plaintiff subsequently filed an appeal with this Court. ECF No. 1.

## II. Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2019). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002). Substantial evidence is "more than a mere scintilla." *Russell*,

440 F. App'x at 164. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'").  The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d at 1456 (citations omitted).  If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Titles II and XVI if he is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012).  The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2012). If he is doing such activity, he is not disabled. If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). If he does not have such impairment or combination of impairments, he is not disabled. If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2012). If he does have such impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (2012). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) (2012). If he can perform other work, he is not disabled. If he cannot, he is disabled.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

Generally, the Court will affirm the Social Security Administration's disability determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. *Woods v. Berryhill*, 888 F.3d 686, 691 (4th Cir. 2018) (citing *Mascio*, 780 F.3d at 634). But when performing an RFC assessment, the ALJ must provide a narrative discussion describing how the evidence supports each conclusion, citing specific

medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184, at *7 (S.S.A). "In other words, the ALJ must *both* identify evidence that supports his conclusion *and* 'build an accurate logical bridge from [that] evidence to his conclusion.'" *Woods*, 888 F.3d at 694.

A proper RFC analysis has three components: (1) evidence; (2) logical explanation; and (3) conclusion. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). The ALJ's logical explanation is just as important as the other two. *Id*. Without a proper narrative discussion from the ALJ, it is impossible for the Court to determine whether the decision was based on substantial evidence. *Geblaoui v. Berryhill*, No. CBD-17-1229, 2018 WL 3049223, at *3 (D. Md. June 20, 2018) (citing *Jones v. Astrue*, No. SKG-09-1683, 2011 WL 5833638, at *14 (D. Md. Nov. 18, 2011)). "The ALJ has the obligation to consider *all* relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (emphasis added). The ALJ must also include "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (citing *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)).

### III.   Analysis

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process. R. 18–26. At step one, the ALJ determined that "Plaintiff has not engaged in substantial gainful activity since February 1, 2015." R. 18. At step two, under 20 C.F.R. §§ 404.1520(c) and 416.920(c), the ALJ determined that "[Plaintiff] has the following severe impairments: degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, depression; [and] anxiety." R. 18. At step three, the ALJ determined Plaintiff "does not have an

impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." R. 18. The ALJ found that Plaintiff has moderate limitations in concentrating, persisting, or maintaining pace. R. 19. Before turning to step four, the ALJ determined that Plaintiff had the RFC to perform light work. R. 19. The ALJ limited Plaintiff to the following limitations:

> [Plaintiff] can never climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally do the following: climb ramps or stairs, balance, stoop, kneel, crouch, or crawl. [Plaintiff] requires a cane for prolonged ambulation or uneven terrain only. [Plaintiff] can frequently handle or finger bilaterally. [Plaintiff] requires a sit-stand option whereby she can change positions every half-hour so long as she remains on task. [Plaintiff] is limited to simple, routine, and repetitive tasks with only occasional interaction with supervisors, coworkers, and the public.

R. 19–20. At step four, the ALJ determined Plaintiff is unable to perform any past relevant work. R. 24. At step five, with the benefit of a Vocational Expert ("VE"), the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: packer and inspector. R. 26. The ALJ found that "Plaintiff has not been under a disability, as defined in the Social Security Act, from February 1, 2015, through the date of this decision." R. 26.

On appeal, Plaintiff argues that the Court should reverse the final decision of the ALJ, or in the alternative, remand the case to the Social Security Administration for further proceedings, alleging that: (1) the ALJ's analysis is not supported by substantial evidence because the ALJ failed to account for Plaintiff's moderate limitations in maintaining concentration, persistence and pace; (2) the ALJ failed to explain why Plaintiff did not meet or equal Medical Listing 1.04; (3) the hypothetical provided to the VE by the ALJ failed to rise to the level of substantial

evidence; (4) the ALJ failed to resolve the conflict between the VE's testimony and the Dictionary of Occupational Titles ("D.O.T."); and (5) "[t]he ALJ disregarded the physical and mental RFC assessments of the treating neurologist, treating social worker, consultative examiner, and the agencies' non-treating, non-examining medical consultants in support of his own non-medical conclusions." Pl.'s Br. in Supp. of Mot. 10–19, ECF No. 13–1.

Plaintiff asserts that the ALJ failed to sufficiently address Plaintiff's mental limitations in the RFC. Pl.'s Brief in Supp. of Pl.'s Mot. 11. Specifically, Plaintiff avers that the ALJ's "[f]ailure to account for [Plaintiff's] moderate limitations in maintaining concentration, persistence and pace falls squarely within [Mascio]." *Id*. Plaintiff also avers the ALJ "[f]ail[ed] to consider [Plaintiff's] symptoms affecting her ability to maintain concentration, persistence, and pace for a full 8-hour workday. . . ." *Id*. at 13. Defendant avers that "the ALJ properly accounted for Plaintiff's functional restrictions in concentration, persistence, or pace in assessing Plaintiff's RFC." Def.'s Mem. in Supp. of Def.'s Mot. 4, ECF No. 15–1. Defendant argues that "[u]pon evaluating the entire record, the ALJ relied on substantial evidence demonstrating that Plaintiff could stay on task to perform simple, routine, and repetitive tasks." *Id.* at 7. The Court agrees with Plaintiff and remands the case. The ALJ failed to include an explicit conclusion about how Plaintiff's mental limitations affect her ability to perform job-related tasks for a full workday.

In *Mascio v. Colvin*, the Fourth Circuit held that a RFC assessment must account for an ALJ's step three finding of moderate limitations in concentration, persistence, or maintaining pace beyond limiting a claimant to performing only "simple, routine tasks." 780 F.3d 632, 638 (4th Cir. 2015). This Court further clarified that, "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration,

persistence, or pace, the ALJ must either include a corresponding limitation in his RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.*, No. ELH-14- 2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015).

The functional area of concentration, persistence, or maintaining pace, "refers to the abilities to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3). Since *Mascio*, courts have reviewed various ALJs' attempts to include corresponding limitations in their RFC assessments for moderate limitations in this functional area.[2] However, recently, the United States Court of Appeals for the Fourth Circuit stated that there is no "categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). "An ALJ can explain why [a claimant's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in the claimant's RFC." *Id*. "When medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id*. (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "The inquiry, as is usually true in determining the substantiality of evidence, is case-by-

---

[2] *See, e.g.*, *Wilson v. Comm'r, Soc. Sec. Admin.*, Civ. A. No. ADC-17-2666, 2018 WL 3941946, at *5–6 (D. Md. Aug. 16, 2018) (holding that limitations for interactions with other individuals does not address concentration, persistence, or maintaining pace; rather it addresses social functioning); *McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *4 (D. Md. July 18, 2017) (concluding "a RFC restriction that [the claimant could] perform 'simple, routine, and repetitive tasks involving only simple work-related decisions with few if any workplace changes and only occasional supervision'" was insufficient to meet *Mascio* requirements); *Steele v. Comm'r, Soc. Sec.*, No. MJG- 15-1725, 2016 WL 1427014, at *4 (D. Md. Apr. 11, 2016) (citing SSR 96-9P) (holding that when a RFC includes durational limitations, an ALJ must consider that the normal 8-hour workday already includes breaks approximately every two (2) hours and provide further explanation as to how limiting someone to breaks every two hours "adequately accounts for a moderate limitation in the ability to stay on task" or else it does not meet the *Mascio* requirements).

case." *Id.*

In *Thomas*, the ALJ found the plaintiff had moderate limitations in concentration, persistence, or maintaining pace, and concluded that the plaintiff had a RFC to perform light work with the following additional mental limitations:

> [The plaintiff] is able to follow short, simple instructions and perform routine tasks, but no work requiring a production rate or demand pace. She can have occasional public contact or interaction and frequent, but not continuous, contact or interaction with coworkers and supervisors. [She] must avoid work involving crisis situations, complex decision making, or constant changes in a routine setting.

*Thomas*, 916 F.3d at 310 (citations omitted). In reversing the lower court's decision, the Fourth Circuit made it clear that when an ALJ finds a claimant has moderate limitations in concentration, persistence, or maintaining pace, the ALJ is expected to include "explicit conclusions about how [the claimant's] mental limitations affect her ability to perform job-related tasks for a full workday—a benchmark established by the [S.S.A.'s] own regulations." *Id.* at 312 (citing SSR 96-8P, 1996 WL 374184 at *2) (holding that the ALJ's analysis was insufficient because (1) the ALJ drew no explicit conclusions as to how the claimant's mental limitation affects her ability to perform job-related tasks for a full workday; (2) the ALJ did not sufficiently explain how she weighed significant evidence related to the claimant's mental health treatment; (3) the ALJ expressed the RFC first and only then concludes that the limitations caused by her impairments were consistent with that RFC; and (4) the ALJ did not give enough information to understand what "could not perform work requiring a production rate or demand pace" meant).

The ALJ in this case found in step three that "[w]ith regard to concentrating, persisting, or maintaining pace, [Plaintiff] has a moderate limitation." R. 19. Despite Plaintiff reporting that

she had trouble with concentration, anxiety attacks and depressive episodes, the ALJ concludes that Plaintiff is able to understand and follow simple instructions independently. R. 19. After concluding that Plaintiff had the RFC to perform light work, the ALJ included the following non-exertional limitations: "[Plaintiff] is limited to performing simple, routine, and repetitive tasks, with only occasional interaction with supervisors, coworkers, and the public." R. 20. As established by the Fourth Circuit, this limitation and explanation does not account for Plaintiff's moderate limitations in concentration, persistence, or maintaining pace. *Mascio*, 780 F.3d at 638. Absent additional explanation, remand is necessary. *Talmo,* 2015 WL 2395108, at *3.

The ALJ's limitation for Plaintiff to "simple, routine, and repetitive tasks," and "occasional interaction with supervisors, co-workers, and the public," R. 20, does not account for whether Plaintiff can perform these tasks for a full workday and workweek. *See Shinaberry*, 952 F.3d at 121 ("[T]he ability to perform simple tasks differs from the ability to stay on task"); *See also McDonald*, 2017 WL 3037554, at *4 (holding that an RFC limiting a claimant to "simple, routine, and repetitive tasks" did not adequately account for the claimant's ability to sustain work throughout an eight-hour workday where the claimant had moderate difficulties in concentration, persistence, and pace). Plaintiff may be able to perform simple, repetitive and routine tasks, with occasional contact with supervisors, coworkers, and the public, but the Court cannot without further explanation, ascertain whether the ALJ believes Plaintiff can perform these tasks for an entire workday as required by the Fourth Circuit. *Thomas*, 916 F.3d at 312.

In the narrative discussion pertaining to the RFC analysis, the ALJ discussed Plaintiff's mental health impairments. R. 23–24. First, the ALJ concluded that Plaintiff's allegations regarding her depression, and anxiety, are not supported by the objective medical evidence. R. 23. The ALJ discusses Plaintiff's May 2016 consultative mental health evaluation. R. 23.

The ALJ noted that Plaintiff "has episodes characterized by sadness, social withdrawal, decreased sleep and poor appetite, lack of energy, loss of motivation, and trouble with concentration." R. 23. The ALJ also noted that Plaintiff "remembered 0 of 3 items on the memory task and made five mistakes with serial 7s." R. 23. The ALJ then states that "in June 2016 and August 2016 [Plaintiff] reported once again, 'no depression, no alcohol abuse, no anxiety, and no suicidal thoughts.'" R. 23. The ALJ reports that "[i]n June 2017, [Plaintiff's] son was reportedly murdered and her father passed away in September 2017 . . . [and that] [t]hese two familial losses have caused her much psychological stress, and [Plaintiff] has been having anxiety attacks and feeling depressed." R. 23. Further, the ALJ notes that "[Plaintiff] reported in November 2017 that she has difficulty falling asleep, her energy level is low, and she has trouble concentrating." R. 23.

      The Court finds that the ALJ failed to draw an "explicit conclusion about how [Plaintiff's] mental limitations affect [her] ability to perform job-related tasks for a full workday—a benchmark established by the Administration's own regulations." *Thomas*, 916 F.3d at 312. In fact, at no point in his decision does the ALJ discuss Plaintiff's "ability to sustain work at a competitive pace over a typical workday." *See Beau S. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-2083, 2019 WL 3208002, at *3 (D. Md. July 16, 2019) (reversing and remanding an ALJ's decision where it fails to address this same capability). On two separate occasions the ALJ identified Plaintiff's issues with concentration, however, did not include or reconcile these difficulties in Plaintiff's RFC limitation. Further, the ALJ identified evidence which shows Plaintiff failed a memory test, R. 20, but did not reconcile this evidence in the RFC. The Court finds that remand is required to allow the ALJ to establish for how long and under what conditions Plaintiff is able to focus her attention on work activities and stay on task

at a sustained rate. *Sean P. v. Saul, Comm'r of Soc. Sec.*, No. TMD 18-2072, 2019 WL 3778706, at *5 (D. Md. Aug. 12, 2019) (citing *Thomas*, 916 F.3d at 312 n.5). The Court also finds that the medical evidence does not demonstrate that Plaintiff can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence and pace. *Shineaberry*, 952 F.3d at 121.

Plaintiff also raises issues with: (1) whether the ALJ failed to explain why Plaintiff did not meet or equal Medical Listing 1.04; (2) whether the hypothetical provided to the VE by the ALJ failed to rise to the level of substantial evidence; (3) whether the ALJ failed to resolve the conflict between the VE's testimony and the D.O.T.; and (4) whether the ALJ substituted the opinions of treating and agency physicians with his own. Pl.'s Br. in Supp. of Mot. 10–19. However, in view of the Court's decision to remand the matter due to the ALJ's inadequate *Mascio* analysis, the Court declines to address the remaining issues. *See Brown v. Colvin*, 639 F. App'x 921, 923 (4th Cir. 2016) (declining to address all of a claimant's issues raised once the court decided to remand on one issue); *Edna Faye H. v. Saul*, No. TMD-18-581, 2019 WL 4643797, at *6 (D. Md. Sept. 24, 2019). On remand, the ALJ should address the issues raised by Plaintiff. *Timothy H. v. Saul*, No. TMD 18-1675, 2019 WL 4277155, at *7 (D. Md. Sept. 10, 2019). In remanding this case, the Court expresses no opinion as to whether the ALJ's ultimate decision that Plaintiff was not disabled is correct or incorrect. *See Parker v. Comm'r, Soc. Sec.*, No. ELH-16-2607, 2017 WL 679211, at *4 (D. Md. Feb. 21, 2017).

### III.  Conclusion

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, **GRANTS** Plaintiff's Alternative Motion and **REMANDS** this matter for further proceedings.


May 13, 2020                                                            /s/
                                                          Charles B. Day
                                                          United States Magistrate Judge

CBD/hjd